WILCOX & GIBBS SEWING MACHINE COMPANY, Appellant, *against* THE KRUSE & MURPHY MANUFACTURING COMPANY *et al.*, Respondents.

(Decided January 3d, 1887.)

Letters patent were issued to Gibbs, plaintiff's assignor, for an improvement in sewing machines, by making the frame in the form of the letter " G," claimed as a useful mechanical device, and design letters patent were also issued to Gibbs for the same form. *Held*, that a trade-mark could not be acquired in such form, it having been patented; that, on the expiration of the patents, the use of such form was free to the public; and that, after having enjoyed the exclusive use of the patents for such form for the term granted, plaintiff was estopped to claim their invalidity.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial.

The facts are stated in the opinion.

*Stephen A. Walker*, for appellant.

*J. Hampden Dougherty*, for respondents.

PER CURIAM. — [Present, ALLEN and BOOKSTAVER, JJ.] —The action was brought by the plaintiff to restrain the defendants from the manufacture and sale of sewing machines with certain forms and devices used by the plaintiff and described in the complaint, consisting of frames in the shape of the Roman capital letter G, and of the form and design of the legs and foot treadles of the Wilcox & Gibbs sewing machines. An injunction was obtained by the plaintiff, which continued until the final judgment.

It is established by the proof that on August 10th, 1858, letters patent were granted to the plaintiff's assignor, Gibbs, for improvements in sewing machines; that upon the surrender of said patent, re-issue letters patent No. 2,655, dated June 18th, 1867, were granted to him; and that design

letters patent No. 1,206, dated February 21st, 1860, were granted to him, giving the exclusive right to make and sell the " G " frame for seven years from that date. In the schedule annexed to the re-issue letters patent No. 2,655 this frame is described as follows:

" Thus the general appearance of the machine will be that of a Roman letter G, or of a hook open at one side where the table is interposed, which not only stamps it with a peculiar character, but is also exceedingly useful, as it affords the greatest possible space for the cloth or material to be sewed, or being turned and twisted under the needle and upon the table."

And it was claimed by the inventor, as a part of his invention, among other things, as follows :

" The general arrangement of a sewing machine, comprising the parts whereby the sewing mechanism is brought into comparative relation substantially as herein shown and described, that is to say, combining with the vibrating needle arm a frame shaped substantially like the Roman letter G as herein shown and described and for the purpose set forth."

It further appears that the said re-issue letters patent expired on the 9th day of August, 1872; that on November 9th, 1869, by letters patent No. 3,742, there were patented to the plaintiff the leg and treadle forming part of a machine stand, shown in the plate accompanying said patents, as a new and original design for a leg and treadle forming part of a sewing machine stand, and by said letters the exclusive right of making, constructing, using and vending the said design was granted to the plaintiff for the term of fourteen years; that this is the design used by the plaintiff for the leg and treadle of its sewing machine stand; that the defendants' machine closely resembles the plaintiff's, and is made so like the plaintiff's that only on a very rigid examination can a difference be discovered; that the defendants have, by circulars and advertisements, represented the machines made by them to be of a different manufacture and origin from the plaintiff's machines ; and that

the defendants have not made any express representations whatsoever with respect to the origin or source of the sewing machines manufactured and sold by them.

The question to be decided appears to be whether or not the plaintiff is entitled to be protected in the use of the " G " form of frame as a trade-mark.

The design for the legs and treadles of the plaintiff was, at the time of the commencement of this action, protected by letters patent. If the defendants have used said design for the legs and treadles of their machines, they have infringed the plaintiff's patent.

The federal courts are vested with the exclusive jurisdiction in cases of an infringement of patent rights, and state courts have no power to restrain infringement of patents, even though the question of jurisdiction is not raised by the defendant; nor does the expiration of the patent during the pendency of this suit, give to this court any jurisdiction of the matter. It is, therefore, clear that no relief can be granted by this court to the plaintiff for the use of this design for legs and treadles by the defendants.

The question left for decision has reference to the right of the defendants to use the " G " frame. In the re-issue letters patent No. 2,655, the advantages of this frame are set forth, and in claiming the invention a claim is made in regard to this shape of frame as a useful mechanical device; the said shape and form is also patented as a new and original design by letters patent No. 1,206, as hereinbefore stated. Both those patents had expired before the commencement of this suit.

It is a well-settled principle that whatever is patented to any inventor and exclusively enjoyed by him or his assignees during the term, is free to the public at the expiration of the term. The object and intention of the laws authorizing patents " is to secure to the public the advantages to be derived from the discoveries of individuals, and the means it employs are the compensation made to those individuals for the time and labor devoted to these discoveries, by the exclusive right to make, use, and sell the

Wilcox &c. Sewing Machine Co. *v.* Kruse &c. Manuf. Co.

things discovered for a limited time" (*Grant* v. *Raymond*, 6 Pet. 243).

The plaintiff sought for and obtained the exclusive right to use this form of frame, which was given by the letters patent. Its importance and value at the present time are due, in a great measure at least, to the exclusive use conferred by the patents and enjoyed by the plaintiff. The plaintiff's rights are under those patents, and have expired with the patents, and the reward provided by law for those who make inventions has been received by the plaintiff.

In *Singer Manuf. Co.* v. *Riley* (11 Fed. Rep'r 706) the court says:

"There is not the least foundation in principle or reason for allowing the patentees to continue to enjoy as much of the monopoly as they can save by the claim to use exclusively the trade names by which they identified and secured to themselves the reputation of their inventions. These go along with the invention as a dedication to the public for purposes of description and identification."

The Supreme Court of Ohio, in reversing the decision of the Superior Court in the case of *Brill* v. *Singer Manuf. Co.*, uses this language :

"Where machines, during the time they are protected by a patent, become known and identified in the trade by their shape, external appearance, or ornamentation, the patentee, after the expiration of the patent, cannot prevent others from using the same modes of identification in machines of the same kind manufactured and sold by them."

The court also says : "It would be a poor return for the exclusive privilege which the public gives for a long period to the patentee, if, after the expiration of his patent, he shall be allowed to virtually perpetuate his monopoly by preventing all others from using the name which will describe and make known the invention which has been dedicated to the public."

The present is a stronger case than those above referred to, for the reason that the " G " frame itself was protected by patents which have expired.

The claim that the design patent of 1860 is invalid, is not available to the plaintiff, for the reason that the plaintiff has enjoyed the exclusive benefits conferred by the patents during their existence, and cannot be permitted after their expiration to claim their invalidity; and for the further reason that this court has no jurisdiction of matters arising under the patent laws.

The court below has also found, and we think the evidence establishes, that the "G" frame has certain mechanical advantages afforded by its form, and is a useful mechanical structure, and we think it has been shown by the proof to be an essential part of the sewing machine. To hold that a trade-mark may be acquired in a useful mechanical structure, or in a part of a manufactured article, would be in conflict with all the authorities.

The judgment should be modified by striking from it the 7th finding of law, and as modified, affirmed.

Judgment modified accordingly, and, as modified, affirmed.